**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY PIETRUSIEWICZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MENARD, INC., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No: <br><br> (Removed from the Circuit Court <br> of Kane County, Illinois <br> Case No. 2021 L 383) <br><br> **JURY DEMAND** |

## NOTICE OF REMOVAL

NOW COMES the Defendant, MENARD, INC., by and through its attorney, W. ANTHONY ANDREWS of OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD., and pursuant to 28 U.S.C. §§ 1332 and 1441, files this notice of removal of the above captioned matter from the Circuit Court of Kane County, Illinois, under Case Number 2021 L 383 to this Honorable Court. In support of this Notice, Menard states as follows:

### JURISDICTION

1.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because the Plaintiff is a citizen of Illinois and Defendant Menard, Inc. is a Wisconsin corporation.

### STATEMENT OF FACTS

2.  On August 5, 2021, an action was commenced in the Circuit Court of Kane County, Illinois, entitled *Mary Pietrusiewz[1] v. Menard, Inc.*, case number 2021 L 383.

---

[1] On information and belief, Plaintiff's last name is misspelled on the Complaint.

1

3. Menard was served with the Complaint on August 17, 2021. A copy of all process, pleadings and orders served upon Menard in the state court action are attached hereto as **Exhibit 1**.

4. The Complaint alone did not allow Menard to determine whether the amount in controversy exceeded $75,000. (**Ex. 1**). Nor did Menard have in its possession any information that would indicate the amount in controversy exceeded $75,000.

5. Because the matter was not initially removable due to lack of information on the amount in controversy, Menard answered the Complaint in state court on September 14, 2021. (**Ex. 1**).

6. Thereafter, Menard served on Plaintiff a Request to Admit Facts pursuant to Illinois Supreme Court Rule 216, which asked Plaintiff to admit that "the monetary damages sought by Plaintiff for the injuries alleged in the Complaint exceed $75,000, exclusive of attorneys' fees, costs, and interest." (**Ex. 2**).

7. On November 2, 2021, Plaintiff served a response admitting the amount in controversy in this case exceeds $75,000. (**Ex. 3**).

8. By statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

9. "[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C § 1446(c)(3)(A); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823–24 (7th Cir. 2013) ("It's clear that the 30–day removal clock is triggered only by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present. . . . With respect to the amount in controversy in

2

particular, the pleading or other paper must specifically disclose the amount of monetary damages sought.").

10. In this case, Menard's removal of this action is timely under Section 1446(b)(3). The case was not initially removable because the Complaint did not specify a specific *ad damnum*. *See* 735 ILCS 5/2-604.2 (prohibiting parties from "claiming an amount of money" in a complaint other than to comply with local courts' jurisdictional rules). Nor did Menard have any other information about the value of the case. However, Plaintiff's November 2, 2021, response to Menard's Request to Admit revealed that grounds for removal were present (*i.e.*, the amount in controversy exceeds $75,000) and thereby opened a 30-day window to remove. 28 U.S.C. § 1446(b)(3); 28 U.S.C § 1446(c)(3)(A); *Escareno v. Walmart, Inc.*, No. 19-CV-07438, 2020 WL 5365970, at *3 (N.D. Ill. Sept. 8, 2020) ("Walmart promptly sent jurisdictional RFAs to obtain the relevant information [concerning Plaintiff's citizenship and the amount in controversy] . . . . The 30-day removal clock began when Walmart received Escareno's RFA responses on October 15, 2019. Thus, the November 11, 2019 removal was timely."). Not more than 30 days have passed since Plaintiff's service of her response to Menard's Request to Admit. (**Ex. 3**). Nor was this action commenced more than one year ago. Thus, this removal is timely. 28 U.S.C. § 1446(b)(3).

## BASIS FOR REMOVAL

11. Removal of a civil action is allowed under 28 U.S.C. § 1441 by a defendant who is sued on a claim or right that has original jurisdiction in the federal district court.

12. This claim is removable based on 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 (**Ex. 3**) and there is complete diversity of citizenship between the Plaintiff and Menard (**Ex. 4–5**). The action is therefore within the subject matter jurisdiction of this Court.

13. At the time which this action commenced, Plaintiff was a citizen of the State of Illinois. (**Ex. 4**).

14. At the time which this action commenced, Defendant Menard was a corporation incorporated under the laws of Wisconsin, having its principal place of business in the State of Wisconsin at 5101 Menard Drive, Eau Claire, Wisconsin 54703. (**Ex. 5**).

15. Moreover, this is a civil case where the amount in controversy exceeds $75,000, exclusive of interest and costs. (**Ex. 3**).

## COMPLIANCE WITH REMOVAL PROCEDURES

16. The Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the notice of removal is being filed within 30 days of the service of Plaintiff's response to Menard's Request to Admit Facts concerning the amount in controversy of this case. (**Ex. 3**).

17. Notice of this removal is being provided to Plaintiff, through her attorneys of record and the Circuit Court of Kane County, Illinois.

18. Pursuant to § 1446(d), a copy of this Notice of Removal will be filed with the Circuit Court of Kane County, Illinois, in Case No. 2021 L 383.

WHEREFORE, for the foregoing reasons, Defendant Menard removes this action from the Circuit Court of Kane County, Illinois, to the United States District Court for the Northern District of Illinois and respectfully request that the Court exercise jurisdiction over this matter.

Respectfully submitted,

By: */s/ W. Anthony Andrews*
One of Defendants' attorneys

W. Anthony Andrews (ARDC # 6217267)
OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.
1804 N. Naper Blvd; Suite 350
Naperville, IL. 60563
630-682-0085

STATE OF ILLINOIS )
) SS.
COUNTY OF DUPAGE )

I, W. ANTHONY ANDREWS, do hereby certify, and having been first duly sworn upon oath do hereby state, that I have read the above and foregoing Notice of Removal, by me subscribed as signatory for MENARD, INC., and the same is true and correct to the best of my knowledge and belief.

/s/ W. Anthony Andrews
W. ANTHONY ANDREWS

SUBSCRIBED and SWORN to before me this 5th day of November, 2021

/s/   Andrea Mangialardi
NOTARY PUBLIC